Dear Judge Roberts:
This is in response to your recent request for an Attorney General's Opinion on the question of the disabilities, under state and federal laws, which make it illegal for convicted felons to possess firearms. Recent congressional enactments have made extensive amendments to federal law.
PL-99-308 (May 19, 1986), the federal Firearms Owner's Protection Act (FOPA), substantially changed federal law relative to possession of firearms by convicted felons. Prior to the amendment, there was much confusion about the law and conflict among the various federal circuit courts of appeal as to the status of the law on receipt, possession, shipping, and transportation of firearms by convicted felons, including those felons who had received executive pardons.
The 1986 Congressional enactments have resolved the conflict and have clarified the law.
The prohibition provisions are now contained in 18 U.S.C. § 922(g) (1) (D) and 18 U.S.C. § 922(n) as follows:
(g) It shall be unlawful for any person — (1) who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year;
* * * * *
(D) to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
18 U.S.C. § 922(n) provides:
(n) It shall be unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.
Title VII, Sections 1201-1203. 18 U.S.C. Appx., were repealed. 18 U.S.C. § 921(20) (B) defines "crime punishable by imprisonment for a term exceeding one year" to exclude:
(B) any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less.
What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. (Emphasis supplied)
When a person is convicted of a crime in Louisiana, several state constitutional provisions may be operative with respect to restoration of the rights of the person.
Article I, Section 20, provides in part:
Full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense.
Article IV, Section 5(E) (1) provides for gubernatorial pardons and for automatic first-offender pardons as follows:
The governor may grant reprieves to persons convicted of offenses against the state and, upon recommendation of the Board of Pardons, may commute sentences, pardon those convicted of offenses against the state, and remit fines and forfeitures imposed for such offenses. However, a first offender never previously convicted of a felony shall be pardoned automatically upon completion of his sentence, without a recommendation of the Board of Pardons and without action by the governor.
Because the definition contained in 18 U.S.C. § 921(20) (B) excludes from the definition of ". . . .crimes punishable by imprisonment for a term exceedinq one year. . . .", convictions (1) which have been expunged, (2) for which the person has been pardoned, or (3) for which the person has had civil rights restored, it would seem that in Louisiana when a person receives a gubernatorial pardon, receives an automatic first offender pardon, or is restored to full rights of citizenship once supervision via parole or probation has ceased, the person is not under any disability under federal law.
On the other hand, R.S. 14:95.1 makes it illegal for a person who has been convicted of;
1. First degree murder
2. Second degree murder
3. Manslaughter
4. Aggravated Battery
5. Aggravated, forcible, or simple rape
6. Aggravated crime against nature
7. Aggravated kidnapping
8. Aggravated arson
9. Aggravated or simple burglary
10. Armed or simple robbery
11. Burglary of a Pharmacy
12. Burglary of an inhabited dwelling
13. Unauthorized entry of an inhabited dwelling
 14. Felony violations of the Uniform Controlled Dangerous Substances Law
15. Attempts of the above which are felonies
 16. Federal or other state and foreign crimes which would be one of the above enumerated crimes if committed in Louisiana to possess a firearm or carry a concealed weapon.
Section 95.1(C) provides exceptions to the prohibition. First, upon the expiration of ten years from the completion of sentence, probation, parole or suspension of sentence, a person is not subject to the firearms prohibition of Section 95.1A. Also, the sheriff of the parish where a person resides may grant a permit to a convicted felon upon the person's completion of sentence, probation, parole, or suspension of sentence.
Three opinions of the Attorney General's Office are pertinent to the disabilities of a convicted felon under Section 95.1. Opinion 79-787 stated that a gubernatorial pardon by the Governor of Louisiana may restore to a person his basic Louisiana civil rights which may have been lost by reason of a federal, foreign, or other state conviction.
Opinion 86-804 stated that a Louisiana gubernatorial pardon of a convicted felon which contains an express restoration of the right to receive, possess and transport firearms, relieves the person of the disabilities of Section 95.1. The answer in the opinion was framed in that particular manner because of the specific way the issue was stated in the opinion request letter; however, it should be noted that there is nothing in state law, nor in federal law since the repeal of 18 U.S.C. Appx 1201 et seq., which would require a gubernatorial pardon to contain any special language. In other words, a gubernatorial pardon which was silent would restore an individual's rights and would immunize him from the prohibition contained in Section 95.1.
It would also seem that the Governor would have the power to grant a conditional pardon, withholding the right to possess firearms, which could subject the person to Section 95.1, although other basic civil rights may have been restored, by operation of Article I, Section 20 or by reason of the automatic pardon provided for in Article IV, Section 5(E).
The other opinion rendered by this office, 86-473, concluded that Section 95.1 is a grant of authority to the sheriff, and that whether the sheriff grants a firearms permit to a convicted felon is solely within the discretion of the sheriff. That opinion also came to the conclusion that an automatic first-offender pardon does not exempt a person from R.S. 14:95.1.
Sincerely,
William J. Guste, Jr. Attorney General
By: Kenneth C. DeJean Chief Counsel